**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-00713-WJM-MJW

DONNA WEISE,

    Plaintiff,

v.

EISAI, INC., a Delaware Corporation,

    Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND
GRANTING PLAINTIFF LEAVE TO AMEND**

---

    Plaintiff Donna Weise ("Plaintiff" or "Weise") brings claims against her former employer, Defendant Eisai, Inc. ("Defendant" or "Eisai") alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA"), and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA").  (Complaint (ECF No. 1) at 4-6.)

    Before the Court is Defendant's Motion to Dismiss ("Motion").  (ECF No. 7.)  For the reasons set forth below, the Motion is granted.

**I.  STANDARD OF REVIEW**

    Defendant's Motion is filed pursuant to Federal Rule of Civil Procedure 12(b)(6). When ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court must determine whether the allegations of the complaint are sufficient to state a claim within

the meaning of Federal Rule of Civil Procedure 8(a). The Court must accept all well-pleaded allegations of the complaint as true. *McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 997 (10th Cir. 2002). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id*. The complaint is reviewed to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, L .L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## II.  FACTUAL BACKGROUND

The facts, as pled in the Complaint, are as follows. Plaintiff was employed by Defendant as a sales representative for seven years. (Compl. ¶ 4.) At a company function on August 4, 2009, Plaintiff's supervisor, Frank Failoni, became intoxicated and slapped Plaintiff on the buttocks in front of her co-workers. (*Id*. ¶ 5.) The following day, Failoni called Plaintiff "honey baby" in front of her co-workers while they were traveling to the airport. (*Id*. ¶ 6.)

Plaintiff reported Failoni's action to Defendant's human resources department on August 13, 2009. (*Id*. ¶ 7.) On October 20, 2009, Failoni was issued a letter of warning that cited him for "inappropriately touch[ing]" Plaintiff. (*Id*. ¶ 8.) Failoni was required to take a harassment course and was denied bonuses for 90 days. (*Id*. ¶ 9.) Defendant allowed Failoni to continue as Plaintiff's supervisor. (*Id*. ¶ 10.)

In October 2009, Failoni informed Plaintiff that he was going to do a ride-along with her during her visits to doctors. (*Id.* ¶ 11.) Plaintiff contacted human resources and explained that she did not want to spend two days alone in a car with Mr. Failoni. (*Id.* ¶ 12.) Defendant ignored Plaintiff's concerns and allowed the ride-along to occur. (*Id.*)

During the ride-along, Failoni repeatedly questioned Plaintiff's competency and threatened her job. (*Id.* ¶ 13.) Failoni's review of Plaintiff's performance following the ride-along rated her as below expectations in eight categories. (*Id.* ¶ 14.) In her prior performance review, she had scored below expectations in only three categories. (*Id.*) Failoni's harassment and subsequent retaliatory activities took a toll on Plaintiff. (*Id.* ¶ 15.) On October 22, 2009, Plaintiff's doctors advised her to take medical leave due to stress. (*Id.*)

On November 6, 2009, while Plaintiff was on medical leave, Failoni posted comments about Plaintiff on CafePharma, an online message board commonly used by Defendant's employees. (*Id.* ¶ 16.) Failoni referred to Plaintiff as a "dried up old hag," who should "quit bitching," "f%ck off and find a new job," and "don't let the door hit your ass on the way out." (*Id.*)

Plaintiff was on medical leave for three months and returned to work on January 15, 2010. (*Id.* ¶ 17.) That morning, Failoni assigned her the task of completing her territory's quarterly report—a "massive" project—in one week. (*Id.*) Failoni blind carbon copied Defendant's human resource's manager on his email to Plaintiff. (*Id.*)

On January 29, 2010, Failoni emailed Plaintiff a list of projects that he contended should have already been completed. (*Id*. ¶ 18.) Failoni again blind carbon copied Defendant's human resources manager on his email. (*Id*.)

As of February 2, 2010, Plaintiff alleges that she was constructively discharged by Failoni's hostility and retaliatory activities. (*Id*. ¶ 19.) Based on these facts, Plaintiff brings claims for sexual harassment and retaliation based on her gender under Title VII, a retaliation claim under the FMLA, and an age discrimination claim under the ADEA. (*Id*. at pp. 4-6.)

### III.  ANALYSIS

Defendant moves to dismiss Plaintiff's claims arguing: (1) Plaintiff failed to plead facts showing that she administratively exhausted her Title VII and ADEA claims; and (2) Plaintiff has failed to plead sufficient facts to state an FMLA claim. (ECF No. 7.)  The Court will address each of these arguments in turn below.

**A.     Exhaustion of Title VII and ADEA Claims**

Both Title VII and the ADEA require a plaintiff to exhaust his or her administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") before filing suit in federal court. *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005); 42 U.S.C. § 2000e5.  The Tenth Circuit has held that "a plaintiff's exhaustion of his or her administrative remedies is a jurisdictional prerequisite to suit" under both Title VII and the ADEA and is "not merely a condition precedent to suit."  *Id*. at 1317.

Plaintiff's Complaint does not contain any allegations with respect to whether she exhausted her administrative remedies prior to bringing this action. However, attached to her opposition to the instant Motion, Plaintiff has submitted her right-to-sue letter issued by the EEOC.[1]  (ECF No. 15-1.)  Plaintiff also submitted Defendant's position statement filed with the Colorado Division of Civil Rights.  (ECF No. 15-2.)  From these documents, it appears Plaintiff administratively pursued some claims but, without a copy of the actual charge(s) filed, the Court is unable to discern which claim(s) were actually exhausted.

The Court only has jurisdiction over claims that were actually exhausted and those that are reasonably related thereto.  See Jones v. United Parcel Serv. Inc., 502 F.3d 1176, 1186 (10th Cir. 2007) (a plaintiff's claims in federal court are generally limited to those that "can reasonably be expected to follow the charge of discrimination.").  As the party invoking federal jurisdiction, Plaintiff has the burden of establishing that jurisdiction is proper.  Basso v. Utah Power and Light Co., 495 F.2d 906, 909 (10th Cir. 1974).  Because neither Plaintiff's Complaint nor the documents she has submitted show which claims were administratively exhausted, the Court cannot discern to what extent (if any) it has jurisdiction over Plaintiff's Title VII and ADEA claims.  Thus, Plaintiff has failed to meet her burden.

---

[1]  The Court may consider these documents because, although the instant Motion is couched as one filed pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court considers this argument pursuant to Federal Rule of Civil Procedure 12(b)(1) because exhaustion of administrative remedies is a jurisdictional requirement. On a Rule 12(b)(1) motion, the Court is permitted to consider documents outside of the pleadings. See Ruiz v. McDonnell, 299 F.3d 1173, 1180 (10th Cir. 2002).

Accordingly, Defendant's Motion to Dismiss is granted and Plaintiff's Title VII and ADEA claims are dismissed.[2] However, because Plaintiff could potentially amend the allegations pled in support of her claims to cure this jurisdictional defect, the dismissal is without prejudice. *See Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1131 (10th Cir. 1994) ("[I]f it is at all possible that a party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.")

**B.   FMLA Claim**

The FMLA requires covered employers to provide eligible employees with up to 12 weeks of medical leave per year for a serious health condition that renders the employee unable to work. 29 U.S.C. § 2612(a)(1)(D). However, only "eligible employees", as that term is defined in the statute, are entitled to this leave. *Id.* § 2611(2)(B)(ii). Defendant argues that Plaintiff's FMLA claim should be dismissed

---

[2] With respect to Plaintiff's ADEA claim, Defendant also argues that Plaintiff has failed to plead sufficient facts to substantively state a claim. The ADEA prohibits discrimination in employment against individuals that are at least 40 years of age. 29 U.S.C. § 631(a). Defendant argues that Plaintiff has failed to state an ADEA claim because her Complaint fails to include her age. (ECF No. 7 at 6-7.) However, the Complaint states that Plaintiff is "a person over the age of forty." (Compl. ¶ 39.) The Court finds that this statement is a factual allegation that satisfies ADEA's minimum age requirement.

Defendant also argues that Plaintiff's Complaint fails to include sufficient facts to show that her constructive discharge was motivated by her age. (ECF No. 7 at 7-8.) Plaintiff's Complaint alleges that Failoni, Plaintiff's supervisor, made age-related comments on an internet-based message board. (Compl. ¶ 16.) The Tenth Circuit has held that "[a]ge-related comments referring directly to the plaintiff can support an inference of discrimination." *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1140 (10th Cir. 2000). Though Defendant disputes whether Failoni made those comments, the Court must accept Plaintiff's factual allegations as true for purposes of the instant Motion. At this stage in the litigation, the Court finds that Plaintiff's factual allegations satisfy the substantive requirements for an ADEA claim.

because she fails to plead facts showing that she was an eligible employee. (ECF No 7 at 4-5.) Plaintiff contends that the statement in her Complaint that she "was a qualifying employee" assumes these facts and that the Court must accept this statement as true for purposes of the instant Motion. (ECF No. 15 at 3.)

Whether an employee is an "eligible employee" under the FMLA is a multi-part test that depends on a number of facts about both the employee and the employer. *See* 29 U.S.C. § 2611(2). Thus, the Court finds that Plaintiff's statement that she was a "qualifying employee" is a legal conclusion rather than a factual statement. On a motion to dismiss pursuant to 12(b)(6), the Court is must take all factual allegations as true. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 129 S.Ct. At 1949. Because the statement that Plaintiff was a "qualifying employee" is a legal conclusion, the Court need not accept it as true for purposes of the instant Motion.

"In order to state a claim under the FMLA, a complaint must at least contain allegations which establish that, within the meaning of the FMLA, the defendant employer is an 'employer' and the plaintiff employee is an 'eligible employee.'" *Schmitt v. Beverly Health and Rehab. Servs., Inc.*, 962 F.Supp. 1379, 1383 (D. Kan. 1997) (internal quotations and citation omitted). Because Plaintiff's Complaint includes no factual allegations that satisfy this requirement, the Court finds that she has failed to state an FMLA claim.

Accordingly, Defendant's Motion to Dismiss is Plaintiff's FMLA claim is granted

and such claim is dismissed. Once again, however, because the Court finds that Plaintiff could possibly state a claim with the inclusion of additional facts, the dismissal of this claim is also without prejudice. *See Brever*, 40 F.3d at 1131.

## IV.  CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (ECF No. 7) is granted. Plaintiff's Complaint is dismissed without prejudice and with leave to amend. Any amended complaint must be filed by January 31, 2012.

Dated this 11th day of January, 2012.

BY THE COURT:

William J. Martínez
United States District Judge